NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3330
_____

IN RE: RYAN PETERS,

                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:21-cr-00419-001)

_____

Submitted Pursuant to Fed. R. App. P. 21
February 16, 2023

Before: GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: May 26, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

   Pro se petitioner Ryan Peters seeks a writ of mandamus.  Because Peters has not

demonstrated that he is entitled to such relief, we will deny his petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2021, Peters was indicted on a federal charge of attempted coercion and enticement of a minor to engage in illegal sexual activities. That charge is currently pending in the Western District of Pennsylvania.

In December 2022, Peters filed a mandamus petition that was transferred to this Court. In his petition, Peters primarily discusses issues with his former court-appointed attorney, Adrian Roe, after Peters' arrest and during preliminary court proceedings. He also argues that he was entrapped by an FBI agent. Peters further maintains that the District Judge and several Magistrate Judges violated his due process rights by limiting his ability to speak during a hearing and conducting certain proceedings over video rather than requiring his appearance in person. Peters notes that he agreed to appear over video after consultation with counsel but argues that he did not understand the significance of his agreement. Finally, Peters generally raises concerns about his conditions of confinement at various correctional institutions.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam)

(alteration in original) (internal quotation marks and citation omitted).

Mandamus relief is not appropriate here, as Peters may pursue relief in other ways. First, we note that the District Court granted Roe's motion to withdraw as Peters' attorney soon after Peters filed his mandamus petition. Peters alleges that he has already filed a civil suit against Roe, and he can pursue any claims he has against Roe in that action. Next, Peters may raise his concerns regarding various judges' actions and the FBI investigation in the course of his ongoing criminal proceedings, with the assistance of his new court-appointed attorney. Cf. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).

Finally, to the extent that Peters mentions issues with his conditions of confinement in state or federal corrections facilities, he has alternative means of obtaining relief — exhausting his administrative remedies, and, if appropriate, filing a civil rights action. See 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Thus, we will deny Peters' petition.